1  Michael J. Bettinger (SBN 122196)
   mbettinger@sidley.com
2  Irene Yang (SBN 245464)
   irene.yang@sidley.com
3  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
4  San Francisco, California  94104
   Telephone: (415) 772-1200
5  Facsimile: (415) 772-7400

6  Attorneys for Plaintiff
   PEBBLE TECHNOLOGY, CORP.

7

8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  PEBBLE TECHNOLOGY, CORP.,          | Case No.:

13              Plaintiff,

14       v.                            | COMPLAINT FOR DECLARATORY
                                       | JUDGMENT OF INVALIDITY AND NON-
                                       | INFRINGEMENT OF U.S. PATENT NO.
15  SPORTBRAIN HOLDINGS LLC,           | 7,454,002

16              Defendant.

17                                     | DEMAND FOR JURY TRIAL

18

19          COMPLAINT FOR DECLARATORY JUDGMENT

20       Plaintiff, Pebble Technology, Corp. ("Pebble"), complains of defendant Sportbrain

     Holdings LLC ("Sportbrain Holdings") and alleges as follows:
21
                         NATURE OF THE ACTION
22
     1.     This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §
23
     2201 *et seq.* and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  Pebble seeks a
24
     declaration that U.S. Patent No. 7,454,002 ("the '002 patent"), currently listed in the records of the
25
     U.S. Patent and Trademark Office ("USPTO") as assigned to Sportbrain Holdings, is invalid.
26
     Pebble also seeks a declaration that Pebble's Time smartwatch and Pebble App do not infringe any
27
     valid and enforceable claim of the '002 patent.
28
     2.     The '002 patent is currently in re-issue proceedings before the USPTO.  Patent examiners

---

Corsaro, Ge, and Fischer have determined that original claims 1 through 16 of the '002 patent are invalid, and that newly-added claims 17 through 38 are also invalid.

3.      Despite this determination of invalidity of all claims of the '002 patent, and the issuance of a final office action rejecting all claims as invalid, Sportbrain Holdings has alleged that Pebble's Time smartwatch and Pebble App infringe the '002 patent and filed suit against Pebble on January 15, 2016 in the Northern District of Illinois.

4.      Pebble denies that the '002 patent is valid, and further denies that the Pebble Time smartwatch or Pebble App infringe any valid and enforceable claim of the '002 patent.

5.      A justiciable controversy exists between plaintiff Pebble and defendant Sportbrain Holdings over the validity of the '002 patent, and whether Pebble's Time smartwatch and Pebble App infringe any claim of the '002 patent.

## THE PARTIES

6.      Pebble is a Delaware corporation with its principal place of business in Redwood City, California.

7.      Pebble is the world's most successful independent smartwatch company, having launched two successful, record-breaking *Kickstarter* campaigns and selling well over one million watches globally.

8.      Pebble smartwatches are compatible with both iPhone and Android phones, and 36,000+ independent software developers have published more than 12,000 apps and watchfaces for Pebble smartwatches that are available through the Pebble store.  Over the years, Pebble has taken great strides in its mission to create the gold standard for wearables that mesh perfectly with everyday life, and to build the fundamental ecosystem and platform for these devices.

9.      In or about February 2015, Pebble introduced its Pebble Time smartwatch in a world record-setting *Kickstarter* campaign.

10.     Pebble's engineering, marketing and sales employees overwhelmingly reside in the Northern District of California and are employed at Pebble's Redwood City headquarters.

11.     Plaintiff is informed and believes, and thereon alleges, that defendant Sportbrain Holdings is an Illinois LLC with a principal place of business at 100 N LaSalle St., Suite 2400, Chicago, IL

60602.

12.    Plaintiff is informed and believes, and thereon alleges, that defendant Sportbrain Holdings is a successor entity to Sportbrain, Inc.  Plaintiff is informed and believes, and thereon alleges, that Sportbrain, Inc. was originally a Delaware corporation with its primary place of business in Sunnyvale, California.  Plaintiff is informed and believes, and thereon alleges, that Sportbrain, Inc. designed, marketed and sold the Sportbrain iStep pedometer.

13.    Plaintiff is informed and believes, and thereon alleges, that defendant Sportbrain Holdings was formed on or about January 8, 2016 for the sole purpose of filing lawsuits for alleged infringement of the '002 patent.

14.    Plaintiff is informed and believes, and thereon alleges, that on January 15, 2016, defendant Sportbrain Holdings purported to be the exclusive licensee of the '002 patent.

15.    Plaintiff is informed and believes, and thereon alleges, that defendant Sportbrain Holdings became the assignee of the '002 patent on or about January 26, 2016.

## JURISDICTION AND VENUE

16.    This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.*, seeking a declaration that the '002 patent is invalid under Title 35 of the United States Code, and that Pebble's Time smartwatch and Pebble App do not infringe the '002 patent under Title 35 of the United States Code.

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 based on the existence of an actual controversy between Pebble and Sportbrain Holdings, for claims under 35 U.S.C. § 1, *et seq.*  The existence of this controversy is demonstrated by, for example, the lawsuit Sportbrain Holdings filed in the Northern District of Illinois, Case No. 1:16-cv-610, which purports to allege infringement of at least claim 1 of the '002 patent, despite the rejection by the USPTO of all claims of the '002 patent in the pending reissue proceedings.

18.    This Court has personal jurisdiction over defendant Sportbrain Holdings pursuant to the laws of the State of California, including California's long-arm statute.

19.    Plaintiff is informed and believes that defendant Sportbrain Holdings' predecessor company, Sportbrain, Inc. was based in Sunnyvale, California, within this District, and that Deane

Gardner, the lead named inventor on the '002 patent, has at all times relevant herein resided in or near Cupertino, California, within this District.

20.     Defendant Sportbrain Holdings has informed the USPTO that the Sportbrain iStep pedometer is an embodiment of the '002 patent.  Plaintiff is informed and believes, and thereon alleges, that the Sportbrain iStep pedometer was at all times relevant herein designed, marketed and sold in or near Sunnyvale, California, within this District.

21.     Personal jurisdiction also exists over defendant Sportbrain Holdings because it has availed itself of the Northern District of California by, among other things, conducting its patent enforcement activities in this District and towards residents of this District.  Specifically, and for example, Sportbrain Holdings has sent correspondence concerning the '002 patent to various companies within the District.  The companies include plaintiff Pebble and, on information and belief, FitBit, Inc.; AliphCom d/b/a Jawbone; Misfit, Inc.; and Basis Science, Inc.; all based in San Francisco, California.

22.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1400.  Plaintiff Pebble and most of its engineering, marketing and sales employees currently reside in this District and a substantial portion of the events giving rise to this action, including the development of the patented invention, on information and belief, and the development of the accused Pebble Time smartwatch and Pebble App, took place in this District.

**U.S. PATENT NO. 7,454,002**

23.     The '002 patent is entitled "Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device."  A copy of the '002 patent is attached hereto as Exhibit A.  The '002 patent states on its face that the inventors are Deane Gardner and Mitz Kurobe.

24.     The '002 patent states on its face that it is a continuation-in-part of application No. 09/476,142, filed on January 3, 2000.  The application that issued as the '002 patent was filed on January 8, 2001 and the '002 patent was issued on November 18, 2008, according to the face of the '002 patent.

25.     Defendant Sportbrain Holdings has alleged that at least claim 1 of the '002 patent is

infringed by Pebble's Time smartwatch and Pebble App.

## COUNT I

### Declaratory Judgment that US Patent No. 7,454,002 is Invalid

26.    Plaintiff realleges, and incorporates by reference herein, paragraphs 1 through 25, above, as though fully set forth herein.

27.    Defendant Sportbrain Holdings alleges that the claims of the '002 patent are valid.

28.    USPTO Examiners Corsaro, Ge and Fischer have determined that original claims 1 through 16 of the '002 patent are invalid, and that newly-added claims 17 through 38 are also invalid.

29.    Plaintiff Pebble, in reliance upon the determination of USPTO Examiners Corsaro, Ge and Fischer, claims that the '002 patent is invalid.

30.    As set forth above, an actual and justiciable case and controversy exists between Pebble and Sportbrain Holdings as to the validity of all of the claims of the '002 patent.

31.    Pebble is entitled to judgment declaring that the claims of the '002 patent are invalid.

## COUNT II

### Declaratory Judgment of Non-Infringement of US Patent No. 7,454,002

32.    Plaintiff realleges, and incorporates by reference herein, paragraphs 1 through 31, above, as though fully set forth herein.

33.    Defendant Sportbrain Holdings claims that Pebble's Time smartwatch and Pebble App infringe one or more claims of the '002 patent, including at least claim 1.

34.    Pebble denies that its Pebble Time smartwatch and Pebble App infringe any of the claims of the '002 patent, including at least claim 1.

35.    As set forth above, an actual and justiciable controversy exists between Pebble and Sportbrain Holdings as to whether Pebble's Time smartwatch and Pebble App infringe any claim of the '002 patent.

36.    Pebble is entitled to judgment declaring that it does not infringe the claims of the '002 patent.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Pebble Technology, Corp. prays for judgment against Defendant Sportbrain Holdings LLC as follows:

    a.    A declaration of judgment of invalidity of all claims of the '002 patent;

    b.    A declaration of judgment that Pebble's Time smartswatch and Pebble App do not infringe any of the claims of the '002 patent;

    c.    A declaration of judgment that this case is exceptional under 35 U.S.C. § 285 and as a result, that Pebble is entitled to its attorneys' fees, costs, and enhanced damages, if appropriate; and

    d.    For such other relief that may be just and proper.

Dated: February 3, 2016               Respectfully submitted,

                                       SIDLEY AUSTIN LLP

                                       By: /s/ Michael J. Bettinger

                                          Michael J. Bettinger

                                          Counsel for Plaintiff
                                          PEBBLE TECHNOLOGY, CORP.

1

## JURY DEMAND

2
        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Pebble

3
Technology, Corp. respectfully requests a trial by jury on all issues.

4
Dated: February 3, 2016                              Respectfully submitted,

5
                                                      SIDLEY AUSTIN LLP

6

7
                                                      By:/s/ Michael J. Bettinger

8
                                                          Michael J. Bettinger

9
                                                          Counsel for Plaintiff
                                                          PEBBLE TECHNOLOGY, CORP.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT